UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:04-CR-31-TS |
| | ) | |
| DAVID COLON | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant David Colon's Motion in Opposition to DNA Collection and Request for Stay of Collection Until the Matter is Heard by this Court [DE 24], filed on May 9, 2005. On June 7, 2005, the Court granted the government an extension of time to respond to the Defendant's Motion and ordered that the probation office not collect the Defendant's DNA until the Court ruled on his Motion. The government filed its response on June 28, 2005, and the Defendant has not filed a reply.[1]

The Defendant's Motion challenges the constitutionality of The DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 1435a, (DNA Act) on two grounds. First, the Defendant claims that the statute is unconstitutional on its face as it violates the Fourth Amendment's prohibition on unreasonable searches and seizures. Second, the Defendant claims that the statute is unconstitutional as applied to him as it violates the *Ex Post Facto* Clause. For the reasons that follow, the Defendant's Motion is denied.

---

[1] Both the Defendant's Motion and the government's response were incorrectly docketed in Cause Number 2:00-CR-28. On June 3, 2005, the Defendant's motion was termed in Cause Number 2:00-CR-28 and redocketed in the instant cause. The response was also redocketed in the correct case, although not until August 1, 2005.

A.     **Fourth Amendment Challenge**

The Defendant's first argument is that the DNA Act violates the Fourth Amendment because, as a programmatic, suspicionless search, it cannot be justified primarily by reference to general law enforcement needs, citing *City of Indianapolis v. Edmond*, 531 U.S. 32 (2000), *Ferguson v. City of Charleston*, 532 U.S. 67 (2001), and *United States v. Miles*, 228 F. Supp. 2d 1130, 1134–36 (E.D. Cal. 2002).

As the government points out, every federal appellate court that has addressed this issue has found the federal and similar state DNA collection statutes constitutional.

> The courts of appeals that have addressed the constitutionality of the DNA Act or of similar state statutes, while unanimous in their decisions to uphold the statutes, are split as to whether to apply the *Knights* reasonableness standard or the *Griffin* special needs exception. The Fourth, Fifth and Ninth Circuit Courts of Appeals have utilized a reasonableness standard. *See Jones v. Murray*, 962 F.2d 302 (4th Cir.1992) (upholding Virginia DNA statute); *Groceman v. United States*, 354 F.3d 411 (5th Cir. 2004) (relying on *Knights* to uphold the DNA Act); *Rise v. Oregon*, 59 F.3d 1556 (9th Cir. 1995), and *United States v. Kincade*, 379 F.3d 813 (9th Cir. 2004) (*en banc*, five judges endorsing the reasonableness standard; one, the special needs exception; and five dissenting). The Tenth Circuit Court of Appeals appears to be split. The court first analyzed the issue using a reasonableness analysis to uphold a Colorado DNA statute. *See Boling v. Romer*, 101 F.3d 1336 (10th Cir. 1997) (principally citing *Jones* and *Rise* ). However, more recently, and without substantive analysis, the court relied on the special needs doctrine to uphold the DNA Act. *See United States v. Kimler*, 335 F.3d 1132 (10th Cir. 2003). The Second and Seventh Circuit Courts of Appeals have employed the special needs exception. *See Roe v. Marcotte*, 193 F.3d 72 (2d Cir. 1999) (upholding Connecticut DNA statute); *Green v. Berge*, 354 F.3d 675 (7th Cir. 2004) (upholding Wisconsin DNA statute).

*Untied States v. Sczubelek*, 402 F.3d 175, 184 (3rd Cir. 2005) (finding the DNA Act constitutional under the *Knights* reasonableness standard).

The Defendant cites *United States v. Miles*, a case from the Eastern District of California, in which the court found that the DNA Act violated the Fourth Amendment, as it required the defendant to provide a DNA sample without any individualized suspicion of wrongdoing to support

2

this requirement. *Id.* at 1141. However, the Defendant's brief fails to note that the Ninth Circuit reversed this holding in *United States v. Kinkade*:

> In light of conditional releasees' substantially diminished expectations of privacy, the minimal intrusion occasioned by blood sampling, and the overwhelming societal interests so clearly furthered by the collection of DNA information from convicted offenders, we must conclude that compulsory DNA profiling of qualified federal offenders is reasonable under the totality of the circumstances. Therefore, we today realign ourselves with every other state and federal appellate court to have considered these issues—squarely holding that the DNA Act satisfies the requirements of the Fourth Amendment.

*United States v. Kincade*, 379 F.3d 813, 839 (9th Cir. 2004).

The Seventh Circuit found a similar DNA statute constitutional under the special needs exception in *Green v. Berge*, 354 F.3d 675 (7th Cir. 2004). The Wisconsin statute at issue in that case is nearly identical to the federal statute the Defendant challenges in his Motion, as both require that all persons convicted of felonies provide DNA samples for analysis and storage in the government's data bank. *See Id.* at 676; *Sczubelek*, 402 F.3d at 181.

Like the Third Circuit in *Sczubelek*, the Seventh Circuit noted that courts have routinely upheld DNA collection statutes:

> All 50 states and the federal government have adopted DNA collection and data bank storage statutes that, although not identical, are similar to the one in Wisconsin. *See* Robin Cheryl Miller, Annotation, "Validity, Construction, and Operation of State DNA Database Statutes," 76 A.L.R.5th 239 (2000). Challenges to these statutes as a whole and to their subparts have almost uniformly been unsuccessful. Thus, the plaintiffs in this suit face a decidedly uphill struggle on their one claim that their constitutional rights were violated when DNA was extracted from them in the absence of a warrant, probable cause, or an individualized and reasonable suspicion to believe they committed a crime.

*Green*, 354 F.3d at 676. The plaintiffs in *Green*, like the Defendant now before the Court, relied heavily on *Indianapolis v. Edmond*, 531 U.S. 32 (2000), and *Ferguson v. City of Charleston*, 532 U.S. 67 (2001). Those cases did not lead the Seventh Circuit to overturn the Wisconsin DNA statute

in *Green.* The Defendant has made no effort to distinguish *Green* and this Court sees no reason why it should not control this case. Accordingly, this Court finds that the cases cited by the Defendant do not compel the conclusion that the DNA Act violates the Fourth Amendment. Rather, the consistent judgment of the Seventh Circuit and other federal appellate courts is that the DNA Act does not violate the Fourth Amendment.

**B.     *Ex Post Facto* Challenge**

The Defendant's second argument is that the DNA Act, as applied to him, violates the Constitution's *Ex Post Facto* Clause. The Seventh Circuit in *Gilbert v. Peters*, 55 F.3d 237, 238 (7th Cir. 1995), considered a similar challenge to an Illinois statute requiring all persons incarcerated for sexual offenses to submit blood specimens to the Illinois Department of State Police prior to final discharge, parole, or release.

The court in *Gilbert* stated that only measures "that are both retroactive and punitive fall within the purview of the [*Ex Post Facto* Clause]." *Id.* at 238. It took the Seventh Circuit only one paragraph to conclude that the statute at issue was not punitive, and therefore did not violate the *Ex Post Facto* Clause:

> Both federal and state courts have uniformly concluded that statutes which authorize collection of blood specimens to assist in law enforcement are not penal in nature. Rather, "the blood sample is taken and analyzed for the sole purpose of establishing a data bank which will aid future law enforcement." *Jones v. Murray*, 962 F.2d 302, 309 (4th Cir. 1992) (interpreting similar statute), *certiorari denied*, 506 U.S. 977, 113 S.Ct. 472, 121 L.Ed.2d 378; *see also Kruger v. Erickson,* 875 F. Supp. 583, 589 (D. Minn. 1995) (interpreting a similar statute as "not penal in nature. Its purpose is to create a DNA database for law enforcement purposes"); *McVickers,* 13 Cal. Rptr. 2d at 854, 840 P.2d at 959 (blood collection statute has legitimate, non-penal legislative purpose). The blood specimen statute thus does not run afoul of the *Ex Post Facto* Clause.

*Id.* at 238–39.

For the same reasons, this Court finds that the DNA Act is not punitive, as it serves as a regulatory measure to augment an informational database, not as punishment for previous criminal activity. Because it is not punitive, the Court holds that the DNA Act does not violate the Constitution's *Ex Post Facto* Clause.

## CONCLUSION

For these reasons, the Court DENIES the Defendant's Motion in Opposition to DNA Collection [DE 24]. The requested stay of DNA collection from the Defendant [DE 24] is DENIED as MOOT.

SO ORDERED on August 4, 2005.

                    S/ Theresa L. Springmann
                    THERESA L. SPRINGMANN
                    UNITED STATES DISTRICT COURT